UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
BINGHAMTON DIVISION

CASE NO:   1:25-cv-557 (LEK/PJE)

CHRISTY BROWER,
LAURA TRUESDELL,
and MARIA CASSERINO, on behalf of themselves
and all others similarly situated,

        Plaintiffs,

v.

THE NORTHERN TRUST COMPANY,
HAROLD H. DEMAREST JR., and
FRANKLIN C. DEMAREST,
as Co-Personal Representatives of
The Estate of Anne D. Taft; and

HAROLD H. DEMAREST JR., individually, and

FRANKLIN C. DEMAREST, individually,

        Defendants.
_____/

# COMPLAINT

Plaintiffs, CHRISTY BROWER ("BROWER"), LAURA TRUESDELL ("Truesdell"), and MARIA CASSERINO ("CASSERINO") (collectively, "Plaintiffs"), on behalf of themselves and all others similarly-situated, file this Complaint against Defendants, THE NORTHERN TRUST COMPANY ("NTC"), HAROLD H. DEMAREST JR. ("HAROLD"), and FRANKLIN C. DEMAREST ("FRANKLIN"), as Co-Personal Representatives of The Estate of Anne D. Taft; and HAROLD H. DEMAREST JR., individually, and FRANKLIN C. DEMAREST, individually, (collectively "Defendants"), and as grounds therefore alleges as follows:

## NATURE OF THE ACTION

1. Plaintiffs bring this action on behalf of themselves as well as all other similarly situated individuals who worked for Defendants providing services for Anne Demarest Taft ("Decedent") and were not compensated at an overtime premium for hours over 40 ("the Putative Class").

2. Plaintiffs and the Putative Class had collateral duties including providing services for Anne Demarest Taft ("Decedent").

3. Despite working hours in excess of 40 in a given workweek, Defendants misclassified Plaintiffs and the Putative Class as exempt employees and failed to pay an overtime premium for these hours.

4. Defendants have willfully failed to pay overtime compensation to Plaintiffs and the Putative Class. Defendants have a longstanding pattern and practice of instructing Plaintiffs and the Putative Class that they are not eligible for overtime at time and one-half their regular rate.

5. Defendants also subjected Plaintiffs and the Putative Class to mandatory on-call shifts where they were required to be available for the needs of Anne Demarest Taft. Defendants did not compensate Plaintiffs and the Putative Class for these on-call shifts.

6. Plaintiffs seek to bring this class action because Defendants subjected other similarly-situated employees to the same impermissible failure to pay overtime wages.

## JURISDICTION, PARTIES, AND VENUE

7. This matter in controversy concerns unpaid minimum wage and overtime payments and misclassification of an employee.

8. This is an action for damages and is brought pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201-219 ("FLSA") and the New York Labor Law ("NYLL"), N.Y. Labor Law § 191, for unpaid overtime.

9. This court has original jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337, 1343 insofar as the matter involves a federal question, namely violation of 29 U.S.C. §216(b).

10. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367(a).

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

12. Plaintiff BROWER is a resident of Ulster County and, at all times material hereto, worked in Broome County, New York.

13. Plaintiff TRUESDELL is currently a resident of Titusville, Brevard County, Florida but at all times material hereto, she was a resident of and worked in Broome County, New York.

14. Plaintiff CASSERINO is a resident of Oswego County and, at all times material hereto, worked in Broome County, New York.

15. Putative Class Members are all residents of New York.

16. Putative Class Members are non-exclusively represented employees of the State of New York.

17. Defendant NORTHERN TRUST COMPANY ("NTC") has its principal place of business at 50 S. LaSalle Street, M-9, Chicago, IL 60630, but conducted business related to this matter in Binghamton, Broome County, New York.

18. Defendant HAROLD H. DEMAREST JR. ("HAROLD"), upon information and belief, is a resident of Corvallis in Benton County, Oregon; however, he executed duties as an Employer over Employees located in Binghamton, Broome County, New York.

19. Defendant FRANKLIN C. DEMAREST ("FRANKLIN"), upon information and belief, is a resident of Pomfret Center in Windham, Connecticut; however, he executed duties as an Employer over Employees located in Binghamton, Broome County, New York.

20. This cause of action arose in Broome County in that the majority of the Plaintiffs' employment was spent at a work location in Binghamton, Broome County, New York.

21. Broome County, New York is the proper venue for this action because Plaintiffs and the putative class members were employed by and had dealings with Defendants in Binghamton, Broome County, New York.

22. Defendants failed to pay Plaintiffs the mandatory overtime wages as required under federal law.

23. Defendants, at all times material hereto, were engaged in interstate commerce or in the production of goods for commerce as defined in Section 3(r) and 3(s) of the FLSA.

24. BROWER's job responsibilities and materials she used for her job were such that she was individually engaged in interstate commerce.

25. TRUESDELL's job responsibilities and materials she used for her job were such that she was individually engaged in interstate commerce.

26. CASSERINO's job responsibilities and materials she used for her job were such that she was individually engaged in interstate commerce.

27. Each of the putative class members performed similar job responsibilities and used materials for their job such that each was individually engaged in interstate commerce.

28. Defendant HAROLD, individually and as co-personal representative, is an employer as that term is defined under the FLSA and New York Labor Law Sec. 2 and the regulations thereunder.

29. Defendant HAROLD had the power to hire and fire the employees, supervised and controlled employee work schedules, determined the rate and method of payment, and maintained employment records.

30. Defendant FRANKLIN C. DEMAREST ("FRANKLIN"), individually and as co-personal representative, is an employer as that term is defined under the FLSA and New York Labor Law Sec. 2 and the regulations thereunder.

31. Defendant FRANKLIN had the power to hire and fire the employees, supervised and controlled employee work schedules, determined the rate and method of payment, and maintained employment records.

## COMMON ALLEGATIONS

32. Plaintiffs and the Putative Class were not provided tax forms during their employment with Defendants.

33. Since their employment ended, each named Plaintiff received a request to fill out a W-9 form from Defendants, seeking to classify them as Independent Contractors.

34. Defendants exercised control over the Plaintiffs including dictating when and where they would work, what tools or equipment they would use, what workers would be hired to assist with the work, where to purchase supplies and services, how and when they would be paid, and reimbursed all of their expenses.

35. Defendants failed to pay Plaintiffs' and the Putative Class overtime premium for hours worked in excess of 40 in a given workweek.

36. Plaintiff BROWER was employed with Defendants beginning on or around September 2019, providing services for Anne Demarest Taft ("Decedent"), who passed away on January 8, 2024. Her employment with Defendants ended shortly thereafter

37. Plaintiff TRUESDELL was employed with Defendants beginning on or around September 4, 2018, providing services for Anne Demarest Taft ("Decedent"), who passed away on January 8, 2024. Her employment with Defendants ended shortly thereafter.

38. Plaintiff CASSERINO was employed with Defendants beginning on or around October/November 2020 through December 23, 2023, providing services for Anne Demarest Taft ("Decedent"), who passed away on January 8, 2024. Her employment with Defendants ended shortly thereafter.

39. The services that Plaintiffs provided to Decedent included caregiver and other services, taking the car for maintenance, obtaining home maintenance quotes and services, grocery shopping, meal preparation, pharmacy and other errands, exercise, attending and assisting with physical therapy appointments, laundry, cooking, cleaning, taking out the trash, loading and unloading the dishwasher, taking the dog to the vet and groomer, driving and accompanying Decedent to appointments, planning and accompanying Decedent on vacation, and other miscellaneous household duties.

40. The putative class members provided the same services for Defendants as described in paragraph 39.

41. Throughout their employment with Defendants, Plaintiffs each spent at least 50% of their time performing household tasks other than caregiving, as did the putative class members.

42. Throughout their employment with Defendants, Plaintiffs were not able to sleep uninterrupted, and were so exhausted at the end of their two-to-three week shift that they could not spend meaningful time with their families for the first few days of their week off.

43. From each of their respective start dates through May 2023, Plaintiffs provided these services for Decedent at her home in Binghamton, Broome County, New York.

44. From September 2019 through in or around December 2022, BROWER worked one seventy-two (72) hour shift every week, plus on-call as needed, totaling a minimum of thirty-two hours of overtime each week.

45. From September 2018 through in or around December 2022, TRUESDELL worked one forty-eight hour shift every week and in addition was providing frequent and regular on-call services each week, totaling a minimum of eight hours of overtime each week.

46. From on or about October 2020 through in or around December 2022, CASSERINO worked one forty-eight (48) hour shift every week, plus on-call as needed, totaling a minimum of thirty-two hours of overtime each week.

47. In December 2022, Decedent became very ill and was hospitalized, during which time TRUESDELL and CASSERINO sat with Decedent in her hospital room twenty-four hours a day for two weeks, wearing full Personal Protective Equipment (PPE).

48. From December 2022 onward, Decedent was physically unable to be unattended, and required two employees with her at all times, day and night.

49. In early 2023, Decedent secured a short-term rental for a few months, so Plaintiff and the Putative Class Members were providing services to Decedent in the State of Florida.

50. Plaintiffs were conducting overlapping shifts of twenty-four hours per day, seven days per week, for two-to-three weeks on and one week off; and there were always two employees

providing services at the same time. Most of the employees were traveling home to New York during their "week off."

51.     Defendants HAROLD and FRANKLIN were the brothers of the Decedent and her closest living relatives; HAROLD and FRANKLIN became Power of Attorney over Decedent in or around March 2023.

52.     In or around May 2023, Decedent purchased a home in Clermont, Florida.

53.     Plaintiffs continued their employment as described in paragraph 37., above, until Decedent passed away on January 8, 2024.

54.     Throughout the duration of their employment, Plaintiffs did not receive tax forms and no taxes were withheld from their checks.

55.     Defendants did not withhold and deposit income taxes, Social Security taxes, and Medicare taxes, nor did they pay the employer portion of Social Security and Medicare taxes or unemployment tax for Plaintiffs.

56.     On December 27, 2024, TRUESDELL received a letter from Defendants requesting that she complete an IRS Form W-9 (a true and correct copy of the December 27, 2024 letter is attached hereto as Exhibit "1").

57.     On February 4, 2025, TRUESDELL received a second letter from Defendants again requesting that she complete an IRS Form W-9. (a true and correct copy of the February 4, 2025, letter is attached hereto as Exhibit "2").

58.     BROWER and CASSERINO received substantially similar letters.

59.     Defendants are now attempting to misclassify Plaintiffs as Independent Contractors in order to avoid their responsibilities as employers under the FLSA and the IRS Code.

60. Upon information and belief, Defendants did not keep wage and hour records as required and, as such, Plaintiffs do not have time records from which to determine the amount of overtime each Plaintiff is owed.

61. Plaintiffs believe that Defendants may be in possession of their time sheets that would allow them to more accurately determine their damages, but all worked in excess of forty (40) hours per week for Defendants from the beginning of their employment through mid-December 2022 and are owed overtime wages for each week during this time period.

62. Plaintiffs estimate that they worked 168 hours per week (two-to-three weeks on, one week off) for Defendants from the relevant time period of mid-December 2022, through the end of their employment in January 2024, and are owed overtime wages for 128 hours for each week they worked during this time period.

63. Plaintiffs were hourly, non-exempt employees of Defendants and are entitled to overtime compensation equal to time-and-a-half their regular rates of pay.

64. Throughout their employment with Defendants, Plaintiffs worked 24-hour live-in shifts, while each had her own residence that was not the residence of the Decedent.

65. Throughout their employment with Defendants, Plaintiffs signed in and out using timesheets.

66. Throughout their employment with Defendants, Plaintiffs did not receive any uninterrupted meal break and would eat while working.

67. Consistent with Defendant's policies and patterns of practice, Plaintiffs were not paid overtime at a rate of time and one half for all hours worked in excess of forty (40) for each work week.

68. As part of its regular business practice, Defendants intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs.

69. As part of its regular business practice, Defendants intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the New York Labor Law with respect to Plaintiffs.

## COUNT I
## UNPAID OVERTIME
### IN VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. §207
### AS TO THE NORTHERN TRUST COMPANY, HAROLD H. DEMAREST JR., and FRANKLIN C. DEMAREST, CO-PERSONAL REPRESENTATIVES

70. Plaintiffs repeat and reaver the allegations in paragraphs one through 56. above as though fully set forth herein.

71. Plaintiffs bring this action on behalf of themselves and the Putative Class to recover unpaid overtime compensation, an additional amount as liquidated damages, reasonable attorney's fees, and costs from Defendants under the provisions of the FLSA.

72. Each Plaintiff and the Putative Class was a covered, non-exempt employee entitled to overtime compensation for all hours worked in excess of forty (40) hours per week.

73. Each Plaintiff and the Putative Class worked in excess of forty (40) hours per week while employed with the Defendants.

74. Defendants failed to compensate Plaintiffs and the Putative Class up to one and a half times their hourly rate for all worked performed in excess of forty (40) hours.

75. Defendants' failure to properly compensate each Plaintiff and the Putative Class is in violation of the Fair Labor Standards Act, 29 U.S.C. §207.

76. Defendants' failure to pay each Plaintiff and the Putative Class overtime compensation was the result of intentional, willful misconduct, such that each Plaintiff and the Putative Class are entitled to overtime payments for the entire preceding period.

77. As a direct and proximate result of the Defendants' actions, Plaintiffs and the Putative Class, have damages in the loss of wages, and have incurred and are incurring costs and reasonable attorney's fees.

78. As a result, Plaintiffs and the Putative Class are entitled to reimbursement and/or an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216.

79. As a direct and proximate result of the Defendants' actions, each Plaintiff and the Putative Class have suffered damages.

80. As a result of Defendants' conduct, each Plaintiff and the Putative Class are entitled to unpaid wages for overtime, liquidated damages, and other penalties.

## COUNT II
## UNPAID OVERTIME
## IN VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. §207
## AS TO HAROLD H. DEMAREST JR., INDIVIDUALLY

81. Plaintiffs and the Putative Class repeat and reaver the allegations in paragraphs one through 56. above as though fully set forth herein.

82. Plaintiffs and the Putative Class bring this action to recover unpaid overtime compensation, an additional amount as liquidated damages, reasonable attorney's fees, and costs from Defendant under the provisions of the FLSA.

83. Each Plaintiff and the Putative Class were a covered, non-exempt employee entitled to overtime compensation for all hours worked in excess of forty (40) hours per week.

84. Each Plaintiff and the Putative Class worked in excess of forty (40) hours per week while employed with the Defendant.

85. Defendant failed to compensate Plaintiffs and the Putative Class up to one and a half times their hourly rate for all worked performed in excess of forty (40) hours.

86. Defendant's failure to properly compensate each Plaintiff and the Putative Class are in violation of the Fair Labor Standards Act, 29 U.S.C. §207.

87. Defendant's failure to pay each Plaintiff and the Putative Class overtime compensation was the result of intentional, willful misconduct, such that each Plaintiff and the Putative Class are entitled to overtime payments for the entire preceding period.

88. As a direct and proximate result of the Defendant's actions, Plaintiffs and the Putative Class have agreed to incur reasonable attorney's fees and costs for the prosecution of this matter. As a result, Plaintiffs and the Putative Class are entitled to reimbursement and/or an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216.

89. As a direct and proximate result of the Defendant's actions, each Plaintiff and the Putative Class have suffered damages.

90. As a result of Defendant's conduct, each Plaintiff and the Putative Class are entitled to unpaid wages for overtime, liquidated damages, and other penalties.

## COUNT III
## UNPAID OVERTIME
## IN VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. §207
## AS TO FRANKLIN C. DEMAREST, INDIVIDUALLY

91. Plaintiffs and the Putative Class repeat and reaver the allegations in paragraphs one through 56. above as though fully set forth herein.

92. Plaintiffs and the Putative Class bring this action to recover unpaid overtime compensation, an additional amount as liquidated damages, reasonable attorney's fees, and costs from Defendant under the provisions of the FLSA.

93. Each Plaintiff and the Putative Class were a covered, non-exempt employee entitled to overtime compensation for all hours worked in excess of forty (40) hours per week.

94. Each Plaintiff and the Putative Class worked in excess of forty (40) hours per week while employed with the Defendant.

95. Defendant failed to compensate Plaintiffs and the Putative Class up to one and a half times their hourly rate for all worked performed in excess of forty (40) hours.

96. Defendant's failure to properly compensate each Plaintiff and the Putative Class is in violation of the Fair Labor Standards Act, 29 U.S.C. §207.

97. Defendant's failure to pay each Plaintiff and the Putative Class overtime compensation was the result of intentional, willful misconduct, such that each Plaintiff and the Putative Class are entitled to overtime payments for the entire preceding period.

98. As a direct and proximate result of the Defendant's actions, Plaintiffs and the Putative Class and have agreed to incur reasonable attorney's fees and costs for the prosecution of this matter. As a result, Plaintiffs and the Putative Class are entitled to reimbursement and/or an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216.

99. As a direct and proximate result of the Defendant's actions, each Plaintiff and the Putative Class has suffered damages.

100. As a result of Defendant's conduct, each Plaintiff and the Putative Class are entitled to unpaid wages for overtime, liquidated damages, and other penalties.

**COUNT IV**
**UNPAID OVERTIME**
**IN VIOLATION OF NEW YORK LABOR LAW**
**AS TO THE NORTHERN TRUST COMPANY, HAROLD H. DEMAREST JR., and**
**FRANKLIN C. DEMAREST, CO-PERSONAL REPRESENTATIVES**

101. Plaintiffs and the Putative Class reallege and reaver paragraphs 1. through 56. as if fully set forth herein.

102. At all relevant times, Plaintiffs and the Putative Class were employed by the Defendants at that term is defined under New York Labor Law, §§ 2 and 651.

103. Defendants willfully violated the rights of Plaintiffs and the Putative Class by failing to pay them overtime wages in violation of the New York Labor Law.

104. Defendants willfully violated the rights of Plaintiffs and the Putative Class by failing to provide them with proper notices and wage statements in violation of the New York Wage Theft Prevention Act, New York Labor Law § 198(1-a).

105. As a direct and proximate result of the Defendants' actions, each Plaintiff and the Putative Class has suffered damages.

106. As a result of Defendants' violations of the New York Wage Theft Prevention Act, Plaintiffs and the Putative Class are entitled to damages of at least One hundred and fifty dollars ($150.00) for each week that the violations occurred.

107. Defendants' failure to pay Plaintiffs and the Putative Class overtime was the result of intentional, willful misconduct, such that Plaintiffs and the Putative Class are entitled to overtime payments for the entire preceding period.

108. As a direct and proximate result of the Defendants' actions, Plaintiffs and the Putative Class have agreed to incur reasonable attorney's fees and costs for the prosecution of this matter. As a result, each Plaintiff and the Putative Class are entitled to unpaid wages, unpaid

overtime, unpaid spread of hours wages, reimbursement and/or an award of reasonable attorney's fees and costs, and disbursements of the action, pursuant to New York Labor Law § 663(1), et seq.

**COUNT V**
**UNPAID OVERTIME**
**IN VIOLATION OF NEW YORK LABOR LAW**
**AS TO HAROLD H. DEMAREST JR., INDIVIDUALLY**

109. Plaintiffs and the Putative Class reallege and reaver paragraphs 1. through 56. as if fully set forth herein.

110. At all relevant times, Plaintiffs and the Putative Class were employed by the Defendant at that term is defined under New York Labor Law, §§ 2 and 651.

111. Defendant willfully violated the rights of Plaintiffs and the Putative Class by failing to pay them overtime wages in violation of the New York Labor Law.

112. Defendant willfully violated the rights of Plaintiffs and the Putative Class by failing to provide them with proper notices and wage statements in violation of the New York Wage Theft Prevention Act, New York Labor Law § 198(1-a).

113. As a direct and proximate result of the Defendant's actions, each Plaintiff and the Putative Class has suffered damages.

114. As a result of Defendant's violations of the New York Wage Theft Prevention Act, Plaintiffs and the Putative Class are entitled to damages of at least One hundred and fifty dollars ($150.00) for each week that the violations occurred.

115. Defendant's failure to pay Plaintiffs and the Putative Class overtime was the result of intentional, willful misconduct, such that Plaintiffs and the Putative Class are entitled to overtime payments for the entire preceding period.

116. As a direct and proximate result of the Defendant's actions, Plaintiffs and the Putative Class have agreed to incur reasonable attorney's fees and costs for the prosecution of this matter. As a result, each Plaintiff and the Putative Class are entitled to unpaid wages, unpaid overtime, unpaid spread of hours wages, reimbursement and/or an award of reasonable attorney's fees and costs, and disbursements of the action, pursuant to New York Labor Law § 663(1), et seq.

### COUNT VI
### UNPAID OVERTIME
### IN VIOLATION OF NEW YORK LABOR LAW
### AS TO FRANKLIN C. DEMAREST, INDIVIDUALLY

117. Plaintiffs and the Putative Class reallege and reaver paragraphs 1. through 56. as if fully set forth herein.

118. At all relevant times, Plaintiffs and the Putative Class were employed by the Defendant at that term is defined under New York Labor Law, §§ 2 and 651.

119. Defendant willfully violated the rights of Plaintiffs and the Putative Class by failing to pay them overtime wages in violation of the New York Labor Law.

120. Defendant willfully violated the rights of Plaintiffs and the Putative Class by failing to provide them with proper notices and wage statements in violation of the New York Wage Theft Prevention Act, New York Labor Law § 198(1-a).

121. As a direct and proximate result of the Defendant's actions, each Plaintiff and the Putative Class have suffered damages.

122. As a result of Defendant's violations of the New York Wage Theft Prevention Act, Plaintiffs and the Putative Class are entitled to damages of at least One hundred and fifty dollars ($150.00) for each week that the violations occurred.

123. Defendant's failure to pay Plaintiffs and the Putative Class overtime was the result of intentional, willful misconduct, such that Plaintiffs and the Putative Class are entitled to overtime payments for the entire preceding period.

124. As a direct and proximate result of the Defendant's actions, Plaintiffs and the Putative Class have agreed to incur reasonable attorney's fees and costs for the prosecution of this matter. As a result, each Plaintiff and the Putative Class are entitled to unpaid wages, unpaid overtime, unpaid spread of hours wages, reimbursement and/or an award of reasonable attorney's fees and costs, and disbursements of the action, pursuant to New York Labor Law § 663(1), et seq.

**WHEREFORE**, Plaintiffs and the Putative Class, respectfully requests this Court grant the following relief:

Enter a judgment against Defendants for compensatory damages (unpaid overtime wages), spread of hours wages, liquidated damages (double damages), punitive damages, pre- and post-judgement interest, attorneys' fees, expenses and costs, and any further relief the Court may deem just and proper under the circumstances.

### DEMAND FOR JURY TRIAL

Plaintiffs demand a jury on all issues so triable.

Dated this 2nd day of May, 2025.

SCOTT LAW TEAM, LLC
250 South Central Boulevard
Suite 205
Jupiter, FL 33458
Telephone: (561) 653-0008
Facsimile: (561) 653-0020

_____
Kiren Choudhry, Esq.

Primary e-mail: KChoudhry@scottlawteam.com
Secondary e-mail: mail@scottlawteam.com
Anne Tomasello, Esq.
*(Pro Hoc Vice Application Forthcoming)*
Primary e-mail: atomasello@scottlawteam.com
Secondary e-mail: mail@scottlawteam.com
www.ScottLawTeam.com
*Counsel for Plaintiffs*