UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CHRISTY BROWER, *et al.*,
on behalf of themselves and
all others similarly situated,

                              Plaintiffs,

-against-                                          1:25-CV-557 (LEK/PJE)

THE NORTHERN TRUST COMPANY, *et al.*,

                              Defendants.

---

## DECISION AND ORDER

On May 2, 2025, Plaintiffs Christy Brower, Laura Truesdell, and Maria Casserino, on behalf of themselves and all others similarly situated, commenced this action against Defendants The Northern Trust Company ("Northern Trust"), and Harold H. Demarest Jr. and Franklin C. Demarest, as both co-personal representatives of the estate of Anne D. Taft, and in their individual capacities ("Demarest Defendants"). Dkt. No. 1 at 1 ("Complaint"). Defendants filed a motion to dismiss on July 28, 2025. Dkt. No. 23 ("Motion to Dismiss"). The Court granted Defendants' Motion to Dismiss without prejudice on March 9, 2026. Dkt. No. 30 ("March Order"). On March 24, 2026, Plaintiffs filed a motion to (1) vacate and set aside the Court's dismissal of their case, (2) reopen the case, (3) grant leave for Plaintiffs to file an amended complaint, (4) direct that the amended complaint be deemed filed as of the date of the Court's order, and (5) direct Defendants to respond to the amended complaint. *See* Dkt. No. 32 ("Motion"). Defendants filed their response in opposition to Plaintiffs' Motion. Dkt. No. 38 ("Response"). Plaintiffs filed their reply. Dkt. No. 41 ("Reply"). For the reasons that follow, Plaintiffs' Motion is denied.

Plaintiffs bring their Motion pursuant to Rules 59(e),[1] 60(b), and 15(a) of the Federal

Rules of Civil Procedure. *See* Mot. at 1. According to Rule 60(b):

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Generally, "a movant bears the burden in Rule 60(b) motions." *Gater Assets Ltd. v. AO Moldovagaz*, 2 F.4th 42, 53 (2d Cir. 2021) (citation omitted). "The decision whether to grant a party's Rule 60(b) motion is committed to the 'sound discretion' of the district court." *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) (citation omitted).

Post-judgment, "a party seeking to reopen his case and replead must first satisfy Rule 60(b) on its own terms and obtain Rule 60(b) relief before Rule 15(a)'s liberal amendment standard can apply." *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 210 (2025). "Recognizing Rule 60(b)(6)'s potentially sweeping reach, courts require the party seeking to avail itself of the

---

[1] Rule 59(e) concerns motions to alter or amend judgments. *See* Fed. R. Civ. P. 59(e). Such motions may be granted "only when the [movant] identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992). Plaintiffs have not made such identifications, and the Court views Rule 59(e) as inapplicable here. Thus, the Court will primarily analyze Plaintiffs' Motion pursuant to Rule 60(b).

2

Rule to demonstrate that 'extraordinary circumstances' warrant relief." *Stevens*, 676 F.3d at 67 (citations omitted). "The Rule 60(b)(6) standard does not change when a party seeks to reopen his case to amend his complaint. . . . Rule 15(a)'s liberal amendment policy therefore cannot weaken Rule 60(b)(6)'s 'extraordinary circumstances' standard." *BLOM Bank SAL*, 605 U.S. at 213.

Plaintiffs point to Rule 60(b)(6) in support of their Motion, arguing that "justice requires that the judgment be set aside." Reply at 2. However, Plaintiffs do not address the requirements of Rule 60(b)(6), and instead repeatedly cite to Rule 15(a) in asserting that they "should be freely given" leave to amend "when justice so requires." Mot. at 3; *see* Reply at 2–3, 9. Plaintiffs' Motion fails to provide any arguments that would lead the Court to recognize the presence of "extraordinary circumstances." *See generally* Mot. Indeed, Plaintiffs fail to even mention the "extraordinary circumstances" standard, let alone provide evidence that such circumstances exist. *See id.* Plaintiffs primarily argue that relief should be granted so that they can cure "specific pleading deficiencies" through an amended complaint. *Id.* at 2. This argument is unavailing, as Plaintiffs are asking the Court to entirely bypass the "extraordinary circumstances" requirement of Rule 60(b)(6). Such an approach would be inappropriate, as it would not only impermissibly weaken Rule 60(b)(6)'s "extraordinary circumstances" standard, but would substitute Rule 15 for Rule 60(b)(6), post-judgement, which is contrary to Supreme Court precedent. *See BLOM Bank SAL*, 605 U.S. at 213. The Court does not consider Plaintiffs' desire to cure pleading defects as meeting the "strict standards" of "extraordinary circumstances." *See id.* at 215. Accordingly, Plaintiffs do not meet the standard necessary for relief under Rule 60(b)(6), and their motion to vacate and set aside the judgment of dismissal is denied.

Because the Court denies Plaintiffs' motion to vacate and set aside the judgment of dismissal, the Court also denies as moot Plaintiffs' remaining motions to reopen the case, grant leave for Plaintiffs to file an amended complaint, direct that the amended complaint be deemed filed as of the date of the Court's order, and direct Defendants to respond to the amended complaint.

Accordingly, it is hereby:

**ORDERED**, that Plaintiffs' motion to set aside judgment, Dkt. No. 32, is **DENIED**; and it is further

**ORDERED**, that Plaintiffs' motion to direct the Clerk to reopen the case, Dkt. No. 32, is **DENIED** as moot; and it is further

**ORDERED**, that Plaintiffs' motion to grant leave for Plaintiffs to file an amended complaint, Dkt. No. 32, is **DENIED** as moot; and it is further

**ORDERED**, that Plaintiffs' motion to direct that the amended complaint be deemed filed as of the date of the Court's Order, Dkt. No. 32, is **DENIED** as moot; and it is further

**ORDERED**, that Plaintiffs' motion to direct Defendants to respond to the amended complaint, Dkt. No. 32, is **DENIED** as moot; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:    June 29, 2026
          Albany, New York

LAWRENCE E. KAHN
United States District Judge

4